**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25307-CIV-MARTINEZ**

ANDRE FRANZ LINDSAY,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General; *et al.*,

Respondents.

_______________________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner Andre Franz Lindsay's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), [ECF No. 1]. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (*See* [ECF No. 4]). Respondents filed their Response on August 11, 2026 (the "Response") [ECF No. 8], and Petitioner replied on August 18, 2026 (the "Reply") [ECF No. 12]. The Court held hearing on the Petition on September 28, 2026. ([ECF No. 22]). The Court has considered the briefing, record, oral argument, and the relevant law and is fully advised.

## I. BACKGROUND

Petitioner is a Jamaican native who was admitted into the United States on or about December 11, 1982, as a lawful permanent resident. (Pet. ¶ 12). Since his admittance into the United States, Petitioner has been convicted of multiple state offenses, including convictions for drug possession and strong armed robbery. (*Id.* ¶ 13). On September 17, 2001, Petitioner was convicted in the U.S. District Court for the Southern District of South Carolina for the offense of conspiracy to possess with intent to distribute crack cocaine under 21 U.S.C. § 846. (*Id.*).

On June 27, 2022, Petitioner was arrested in South Carolina for the state offenses of two counts of criminal sexual conduct with a minor third degree, criminal sexual conduct with a minor second degree, and exposure of private parts in a lewd manner. (Resp. 2). On November 8, 2022, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") charged Petitioner as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B)(i), (Pet. ¶ 14), and Petitioner was transferred from state custody to ICE ERO custody. (Resp. 4)

On January 18, 2023, Petitioner requested a custody determination hearing which was denied because Petitioner is subject to mandatory detention. (*Id.*). On September 14, 2023, following a hearing on his application for Deferral of Removal under the Convention Against Torture ("CAT"), Petitioner was ordered to be removed from the United States to Jamaica. (*Id.* 5). Petitioner then filed an appeal with the Board of Immigration Appeals ("BIA"). (*Id.*). The BIA ruled in favor of Petitioner and remanded the decision. (*Id.*). On or around March 2024, Petitioner was again ordered to be removed from the United States to Jamaica. (*Id.*). Petitioner filed another appeal and the BIA ruled in favor of Petitioner and remanded the decision. (*Id.*). At a third hearing in September 2025, an immigration judge ordered for Petitioner's removal. (*Id.* 6). Petitioner's appeal of that decision is still pending. (*Id.*). On June 21, 2026, ICE ERO placed Petitioner on a flight manifest for removal to Jamaica but had to remove him due to the pending appeal before the BIA. (*Id.*). Petitioner is currently detained at Krome North Service Processing Center in Miami, Florida. At the time the Petition was filed, Petitioner's detention had surpassed forty-three months.

## II. <u>DISCUSSION</u>

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3). Petitioner alleges that his detention in ICE ERO custody for over forty-three months violates the Due Process Clause of the Fifth Amendment to the United States Constitution. (Pet. 18–19). Petitioner therefore requests either release from custody or a bond hearing before a neutral arbiter where Respondents "must bear the burden of establishing by clear and convincing evidence that Petitioner's continued detention is justified[.]" (*Id.* 21)

Respondents assert that Petitioner is not entitled to release from custody or a bond hearing because he is subject to mandatory pre-removal detention under 8 U.S.C. § 1226(c) based on his aggravated felony and drug convictions. (Resp. 1).

Section 1226(c) provides that "[t]he Attorney General shall take into custody any alien who is deportable by reason of having committed any offense" involving drug and aggravated felony convictions. *See* 8 U.S.C. § 1226(c). There is no temporal limitation on detention under § 1226(c), and "aliens detained subject to 1226(c) have no *statutory* right to a bond hearing. *Hamilton v. Acosta*, No. 20-CV-21318-RNS, 2020 WL 3036782, at *3 (S.D. Fla. May 8, 2020) (emphasis in original). However, detention under § 1226(c) can violate the Due Process Clause if it becomes unreasonably or unjustifiably prolonged. *See Oscar v. Ripe*, 751 F. Supp. 3d 1324, 1330 (S.D. Fla 2024).

Petitioner asserts his detention is unconstitutional under the multi-factor analysis outlined in *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199 (11th Cir. 2016) (*Sopo I*).[1] In *Sopo I*, the Eleventh Circuit set forth a non-exhaustive list of factors courts should consider in determining whether mandatory detention under section 1226(c) violates due process: (1) the amount of time the alien has been in

[1] While Respondents are correct in their assertion that *Sopo I* was vacated given the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), courts in this Circuit continue to rely on it as persuasive authority and apply its factors in habeas cases challenging immigration detention. *See Gabrius v. Dep't of Homeland Sec.*, No. 24-cv-22680, 2024 WL 5046042, at *2 n.3 (S.D. Fla. Sep. 10, 2024) (citations omitted).

detention without a bond hearing; (2) the cause of the protracted removal proceedings (i.e., whether the petitioner or the Government has improperly delayed the proceedings); (3) whether it is possible to remove the alien upon the issuance of a final order of removal; (4) whether the period of civil immigration detention exceeds the time the alien spent in prison for the crime that rendered the alien removable; (5) whether the facility where the alien is civilly detained is meaningfully different from a penal institution; and (6) the likelihood removal proceedings will conclude in the near future. *See id.* at 1217–18.

**A. Time in Detention Without a Bond Hearing**

Petitioner has sought custody redetermination three times, and, all three times, the Immigration Judge denied bond because Petitioner is subject to mandatory detention. (Resp. 13). The Court recognizes that more than three years have passed since Petitioner's last bond hearing. (*See id.* 14). However, unlike the petitioner in *Sopo I*, Petitioner has not been held in ICE ERO custody without a bond hearing at all. *See Sopo I*, 825 F.3d at 1202 ("Sopo has never had a bond hearing."). Furthermore, Petitioner's detention has been justifiably prolonged due to his multiple motions for continuances and appeals to the BIA. Taking into consideration Petitioner's three previous bond hearings, all resulting in denial, the Court finds this factor to be relatively neutral.

**B. Delay in Proceedings**

As to the second *Sopo* factor—the reason for the protracted removal proceedings—there is no indication that any party is unduly responsible for the delay. Plaintiff has appealed his application for deferral of removal under CAT to the BIA several times, but he "[s]hould [not] be punished for pursuing avenues of relief and appeal." *Sopo I*, 825 F.3d at 1218. In a similar vein, Respondents have not been able to effectuate Petitioner's removal based on Petitioner's pending appeal to the BIA. (Resp. 14). The second factor is therefore neutral as well.

**C. Possibility of Removal**

Petitioner asserts that the third *Sopo* factor weighs in his favor because his appeal is pending with the BIA, and therefore "it is unclear whether the proceedings will 'culminate in a final order.'" (Pet. 10 (citing *Sopo I*, 825 F.3d at 1218)). While the Court acknowledges that Petitioner cannot be removed without the decision from the BIA, Petitioner has not demonstrated that he could not be removed should the appeal be denied and upon the issuance of a final order of removal. (*See generally* Pet; *see also generally* Reply). In fact, Respondents have placed Petitioner on flight manifests to Jamaica twice and have represented to the Court they will be able to place Petitioner on another flight manifest should the BIA deny his appeal. (*See* Resp. 6). Therefore, this factor weighs against Petitioner.

**D. Length of Civil Detention Relative to the Length of Criminal Incarceration**

As to the fourth *Sopo* factor, Petitioner has conceded that this factor does not weigh in his favor. (*See* Pet. 11). Petitioner's time served for his convictions is greater than the time he has been in pre-removal detention. (*See id.*)

**E. Facility Conditions**

Petitioner asserts that "the prison-like conditions at Krome, including the head counts, holding rooms, restrictions on movement, and refusal of medical care, make the ICE facility not meaningfully different than a penal institution." (Reply 7). Respondents do not provide any commentary on this issue. As such, this factor weighs in favor of Petitioner.

**F. Likelihood Removal Proceedings Will Conclude Soon**

The sixth *Sopo* factor is the likelihood that Petitioner's removal proceedings will conclude soon. *See Sopo I*, 825 F.3d at 1218. It is uncertain exactly when Petitioner's removal proceedings may conclude, and there is no indication from any of the parties' filings or oral argument how long

Petitioner's BIA appeal may last. Since it is impossible for the Court to gauge the likelihood of removal proceedings concluding soon, this factor weighs slightly in favor of Petitioner. *See Gabrius*, 2024 WL 5046042, at *4.

### G. Balancing the Sopo Factors

The *Sopo* factors are closely balanced between Petitioner and the Government. But, even if the balance were to tip in Petitioner's favor, he is entitled to no more than a bond hearing—which he has already received on three separate occasions. In other words, Petitioner has received the process he is due. Furthermore, Respondents have provided sufficient evidence to suggest that Petitioner's detention has been justifiably prolonged due to his multiple appeals to the BIA, and that Respondents are prepared to effectuate the removal process as soon as feasible. Taking these factors into consideration, the Court **DENIES** the Petition. *See Sopo I*, 825 F.3d at 1218 ("Our list of factors is not exhaustive. The reasonableness inquiry is necessarily fact intensive, and the factors that should be considered will vary depending on the individual circumstances present in each case.")

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Petitioner Andre Franz Lindsay's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **DENIED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 30 day of September 2026.

Jose E. Martinez

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record